UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARLA BAGAROZZI-BLY,

                      Plaintiff,

                                                          Case # 15-CV-6139-FPG

v.

                                                          DECISION AND ORDER

NATIONAL GENERAL INSURANCE
COMPANY,

                      Defendant.
_____

On March 13, 2015, Defendant National General Insurance Company filed a Notice of Removal (ECF No. 1), purporting to remove this case from the Supreme Court of the State of New York, County of Monroe, and invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

It is well settled that federal district courts are ones "of limited jurisdiction, whose powers are confined to statutorily and constitutionally granted authority." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). It is also well settled that in order to invoke this Court's diversity jurisdiction, the removing party must demonstrate (1) that the parties are citizens of different states, and (2) a "reasonable probability" that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).

By Attorney Affirmation dated March 26, 2015, counsel for the Defendant informed this Court that diversity jurisdiction does not actually exist between the parties. Specifically, counsel informed the Court that subsequent to removing the action, it was determined that the real party in interest was not National General Insurance Company, but instead was Adirondack Insurance Exchange, which is a New York company. Since the Plaintiff is also a citizen of New York,

diversity of citizenship is lacking. Because of this, the parties have requested that this action be remanded to the Supreme Court of the State of New York, County of Monroe, where the Plaintiff could amend the Complaint to name the proper Defendant.

On this record, I agree that diversity of citizenship is lacking between the real parties in interest, and as such, this case is remanded to the Supreme Court of the State of New York, County of Monroe, for lack of subject matter jurisdiction.

The Clerk of the Court is directed to close this case, and to transmit this Order to the Clerk of the Supreme Court of the State of New York, County of Monroe.

IT IS SO ORDERED.

DATED:   Rochester, New York
         May 4, 2015

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court